United States District Court
Southern District of Texas
**ENTERED**
August 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| John E. Hall, §<br>§<br>　　　Plaintiff, §<br>§<br>versus §<br>§<br>City of Houston, *et al.*, §<br>§<br>　　　Defendants. § | Civil Action H-20-3740 |

## Opinion on Partial Dismissal

1. *Background.*

John Hall was a police officer with the Houston Police Department.

On November 2, 2020, John Hall sued: (a) the City of Houston; (b) Art Acevedo; (c) Kristie Lewis; (d) Anthony Hall; (e) May Walker; (f) Lee Brown; (g) Michael Dirden; (h) Gayland Malveaux; (i) C.O. Bradford; (j) J. Dotson; and (k) Renita Ferguson for:

   (a) violating 42 U.S.C. § 1981;
   (b) violating 42 U.S.C. § 1983;
   (c) violating 42 U.S.C. § 1985;
   (d) violating the Interception of Wire and Electronic Communications Act;
   (e) violating the Pen Registers and Trap and Trace Devices Statute;
   (f) Title VII of the Civil Rights Act;
   (g) fraud;
   (h) breach of fiduciary duty;
   (i) fraudulent concealment; and
   (j) intentional infliction of emotional distress

related to nearly everything that has happened to Hall over the last 30 years. Most of the defendants have moved to dismiss for failing to state a claim. They will prevail.

2.   *Non-Served Defendants.*

Hall has not served Anthony Hall, May Walker, J. Dotson, and Renita Ferguson properly within 90-days under the federal rules. The claims against these defendants will be dismissed.

3.   *Sections 1981, 1983, and 1985 and Communications Act.*

The statute of limitations for section 1981, 1983, and 1985 claims is two-years.[1] Claims under the Interception of Wire and Electronic Communications Act also fall under a two-year limitations period.[2] The latest that Hall learned about these claims was when he received an open records response letter on May, 31, 2018. The limitations period ended on May 31, 2020. He did not file this lawsuit until five months after the limitations expired. Hall's claims for violating section 1981, section 1983, section 1985, and the Interception of Wire and Electronic Communications Act against all of the defendants will be dismissed as barred by the statute of limitations.

Even if these claims were not barred by the statute of limitations, Hall's complaint is nearly 100 pages of vague conspiracy theories, legal conclusions, statutory language, and incoherent blabbering. The court reviewed in camera the documents the City had related to Hall. Whatever Hall believed would be included in them to instigate his complaint does not exist. His misinterpretations or misguided assumptions about what other City employees have told him are inadequate to state a claim.

---

[1] *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341-42 (5th Cir. 2005).

[2] 18 U.S.C. § 2520(e).

4. *Title VII.*

Claims under Title VII must be brought within 90 days of receiving a right to sue letter. Hall says that he filed his charge with the Equal Employment Opportunity Commission in 1995. He has given no facts of when he received a right to sue letter. This court cannot assume that it took nearly 25 years for Hall to have gotten the letter. Hall's Title VII claim will be dismissed for not exhausting his administrative remedies.

5. *Pen Registers and Trap and Trace Devices Statute.*

The Pen Registers and Trap and Trace Devices Statute does not authorize a private right of action, and Congress has not otherwise given one. Hall's claim under this statute will be dismissed.

6. *State Law Claims.*

When state law tort claims are brought against the City and its employees, and on the motion of the City, the claims against the employees are dismissed under the election of remedies provision. The state law claims against Acevedo, Lewis, Brown, Dirden, and Bradford will be dismissed.

The City is immune from tort claims unless it has waived its immunity. Hall's claims do not fall under any of the established exceptions. Hall's state law claims against the City will be dismissed.

7.  *Conclusion.*

John Hall's claims against the City of Houston, Art Acevedo, Kristie Lewis, Anthony Hall, May Walker, Lee Brown, Michael Dirden, C.O. Bradford, J. Dotson, and Renita Ferguson will be dismissed.

The federal claims against Gayland Malveaux will be dismissed.

Signed on August 10, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge